1
2
3
4
5
6
7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   JEFFREY P. PERROTTE,                    )   Case No.: 1:15-cv-00026-LJO-SAB (PC)
                                             )
12                   Plaintiff,              )
                                             )   **FINDINGS AND RECOMMENDATIONS**
13           v.                              )   **REGARDING DEFENDANTS' MOTION**
                                             )   **TO VACATE ENTRY OF DEFAULT AND**
14   STACEY JOHNSON, et al.,                 )   **DISMISS OR QUASH SERVICE OF PROCESS**
                                             )
15                   Defendants.             )   [ECF No. 34]
                                             )
16   _____   )

17          Plaintiff Jeffrey P. Perrotte is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19                                            **I.**

20                              **PROCEDURAL HISTORY**

21          Plaintiff filed the instant action on January 7, 2015.  On April 13, 2015, the Court screened the

22   complaint and found that Plaintiff stated a cognizable claim for retaliation against Defendants

23   Johnson, LeFlore, and Hebron, and a cognizable claim for cruel and unusual punishment against

24   Defendants Johnson and LeFlore.  The Court granted Plaintiff the opportunity to notify the Court of

25   his intent to proceed on the claims found to be cognizable or to file an amended complaint.  On April

26   20, 2015, Plaintiff filed a notice of intent to proceed only on the cognizable claims.  Accordingly, on

27   June 16, 2015, the Court directed the United States Marshal to serve the complaint on Defendants

28   Cindy Hebron, Stacey Johnson, and Jean LeFlore.  (ECF No. 10.)

                                            1

On September 28, 2015, Defendant Hebron filed a motion to dismiss.  The motion to dismiss was denied on April 27, 2016.  (ECF No. 31.)

Defendant Hebron filed an answer to the complaint on May 4, 2016.  (ECF No. 32.)

In the meantime, on February 11, 2016, the summons were returned and filed as executed as to Defendants Jean LeFlore and Stacey Johnson.  (ECF Nos. 23 & 24.)

On February 16, 2016, the Court ordered Defendants LeFlore and Johnson to show cause as to why the cost for personal service should not be taxed against them.  (ECF No. 25.)  Then, on March 14, 2016, the Court issued an order to show cause as to why entry of default should not be entered as to Defendants LeFlore and Johnson.  (ECF No. 27.)   Entry of default was entered as to Defendants Stacey Johnson and Jean LeFlore on April 5, 2016.  (ECF No. 30.)

On May 11, 2016, Defendants LeFlore and Johnson filed a motion to vacate the entry of default and to dismiss or quash the complaint based on insufficient service of process.  (ECF No. 34.)

Although Plaintiff was granted an extension of time, he did not file an opposition, and the motion is therefore deemed submitted for review without oral argument.  Local Rule 230(l).

## II.

## DISCUSSION

### A.      Legal Standards

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).  A motion to dismiss may be brought under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).

Service of an individual within a judicial district of the United States may be effected by "delivering a copy of [the summons and complaint] to an agent authorized by appointment of law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(C).  The "agent" referred to in this rule is not just an employee or business agent of some kind, but instead must be an agent specifically designated to receive service of process.  See Gerritsen v. Escobar Y Cordova, 721 F.Supp. 253, 256 (C.D. Cal. 1988).

1    If a defendant is not served within 90 days after the complaint is filed, the court must dismiss

2  the action without prejudice against that defendant or order that service be made within a specified

3  time.  Fed. R. Civ. P. 4.  If a plaintiff shows good cause for the failure, the court must extend the time

4  for service for an appropriate period.  Id.  An incarcerated pro se plaintiff proceeding in forma

5  pauperis is entitled to rely on the Marshal for service of the summons and complaint.  Puett v.

6  Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  If a plaintiff has provided the necessary information to

7  help effectuate serve, he should not be penalized by having his or her action dismissed for failure to

8  effective service where the Marshal or the court clerk has failed to perform the duties required under

9  28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure.  Id.

10    "Once service is challenged, plaintiffs bear the burden of establishing that service was valid

11  under Rule 4."  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).  While "Rule 4 is a flexible

12  rule that should be liberally construed so long as a party receives sufficient notice of the complaint,"

13  United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984),

14  there must still be "substantial compliance" with Rule 4; otherwise, "neither actual notice nor simply

15  naming the defendant in the complaint will provide personal jurisdiction."  Direct Mail Specialists,

16  Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) (quoting Benny v.

17  Pipes, 799 F.2d 489, 492 (9th Cir. 1986).  If the plaintiff is unable to satisfy his burden, the Court has

18  the discretion to either dismiss the action or retain the action and quash the service of process.  Stevens

19  v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

20    Federal Rule of Civil Procedure 55(c) provides in relevant part "[f]or good cause shown the

21  court may set aside an entry of default."  Fed. R. Civ. P. 55(c).  To determine "good cause" under Rule

22  55(c), a court must "consider[] three factors: (1) whether [the party seeking to set aside the default]

23  engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or

24  (3) whether reopening the default judgment would "prejudice" the other party.  United States v.

25  Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010).

26    Defendants Stacey Johnson and Jean LeFlore, by way of special appearance move to dismiss

27  the claims against them or, in the alternative quash the service of the summons and amended

28

3

complaint on the ground that service was defective and personal jurisdiction is lacking.  See Fed. R.

Civ. P. 12(b)(5).

### B.    Good Cause to Vacate the Entry of Default

In this instance, Plaintiff was afforded the benefit of service of process by the United States

marshal because he was granted in forma pauperis status.  According to the USM-285 process receipt

and return forms, the United States marshal mailed a copy of the summons and complaint on July 28,

2015.  (ECF Nos. 23 & 24.)  Then, on February 4, 2016, the United States marshal attempted to serve

both Defendants by leaving a copy of the summons and complaint with Timothy O'Neill at the

headquarters of Defendants' employer, HealthRIGHT 360, 1735 Mission Street, San Francisco,

California 94103.  Assuming such service was proper, a responsive pleading was due on or by

February 25, 2016.  (Id.)

Defendants submit the declaration of Denise Williams who declares that she is the Vice

President of Corporate Compliance at HealthRIGHT 360, which is headquartered at 1735 Mission

Street, San Francisco, CA 94103.  (ECF No. 38, Decl. of Denise Williams ¶ 1.)  Denise Williams

never received the copy of the summons and complaint that was delivered to Mr. O'Neill on February

4, 2016, and neither she nor Mr. O'Neill forwarded a copy of the same to the Defendants.  (Id. ¶ 2.)

After delivery of the summons and complaint on February 4, 2016, no copy of the same was ever mail

served to Ms. Johnson or Mr. LeFlore at HealthRIGHT 360.  (Id. ¶ 3.)

Federal Rule of Civil Procedure 4(e) states in relevant part that process may be served by:

(1) following state law for serving a summons in an action brought in courts of general
    jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with
        someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive
        service or process.

Fed. R. Civ. P. 4(e).

In this instance, Plaintiff did not serve the Defendants personally, leave a copy of the summons and complaint at their homes, or deliver a copy to an agent authorized to receive service of process.[1] (Decl. of Johnson ¶ 4; Decl. of LeFlore ¶ 4, ECF Nos. 36 & 37.)  Furthermore, where a defendant, as here, is sued in his or her individual capacity, service on the defendant's employer or other employees at the defendant's place of employment is inadequate unless those persons were authorized to accept service for defendant individually.  Taylor v. Gearan, 979 F.Supp. 1, 5 (D. DC 1997); Elkins v. Broome, 213 FRD 273, 276 (M.D.N.C. 2003).

Furthermore, Plaintiff did not serve Defendants Johnson and LeFlore in accordance with California law under Rule 4(e)(1).  California Code of Civil Procedure section 415.20(a) states:

> (a)  In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.  When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof.  Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a).  Plaintiff did not mail, and the Defendants did not receive, a copy of the summons and complaint delivered to HealthRIGHT 360 on February 4, 2016.  (Williams Decl. ¶ 2; Johnson Decl. ¶ 3; LeFlore Decl. ¶ 3.)  The Process Receipts and Returns do not indicate that Plaintiff subsequently mailed a copy of the summons and complaint by first-class mail, postage prepaid to the Defendants at the HealthRIGHT 360 headquarters pursuant to Code of Civil Procedure section 415.20. (ECF Nos. 23 & 24.)  Defendants further declare that neither they nor HealthRIGHT 360 ever received a summons and complaint by mail at any time.  (Williams Decl. ¶ 3; Johnson Decl. ¶ 4; LeFlore Decl. ¶ 4.)  Defendants submit that they only learned about the lawsuit on March 14-15, 2016 when they

---

[1] On February 4, 2016, Ms. Johnson lived in Visalia, California, and worked at HealthRIGHT 360's Corcoran Substance Abuse Program  at the state prison in Corcoran, California.  She had never worked at HealthRIGHT 360's San Francisco headquarters.  (Johnson Decl. ¶ 2.)  Mr. LeFlore previously worked at the Corcoran Substance Abuse Program at the state prison in Corcoran, California, but had transferred to work at HealthRIGHT 360's San Francisco headquarters and was working there on February 4, 2016.  (LeFlore Decl. ¶ 2.)

were included on an email chain originating from the California Department of Justice apprising

HealthRIGHT 360 of the existence of the complaint.[2]  (Johnson Decl. ¶ 5; LeFlore Decl. ¶ 5.)

The fact that Defendants did not receive the summons and complaint served upon

HealthRIGHT 360, and did not know about the lawsuit until recently, supports the finding there was

no "devious, deliberate, willful, or bad faith failure to respond."  United States v. Assorted Firearms,

605 F.App'x 603, 605 (9th Cir. 2015).  Accordingly, because Defendants were not properly served in

accordance with Rule 4(e)(1) and California Code of Civil Procedure section 415.20, the entry of

default should be vacated.

### C.      Dismissal or Quash of Complaint for Insufficient Service of Process

As previously stated, a motion to dismiss or quash service pursuant to Federal Rules of Civil

Procedure 12(b)(5) challenges the sufficiency of the manner of attempted service.  Strict compliance

with Federal Rules of Civil Procedure 4 governing service of process on a defendant is required in

order to ensure due process.  Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 300 (7th

Cir. 1991).  If service is insufficient, the Court may either dismiss the case or retain jurisdiction but

quash service.  So long as there is a chance that the plaintiff still could accomplish service, the latter

remedy is preferred.  Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992).  A party's failure to

strictly comply with Rule 4's personal service requirement "does not require dismissal of the

complaint if (a) the party that had to be served personally received actual notice, (b) the defendant

would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to

serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed."

Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984) (footnote omitted).

As set forth above, Plaintiff failed to substantially comply with the federal and state service

requirements, and substitute service was never effectuated.  Accordingly, the issue becomes whether

to dismiss or quash the complaint for insufficient service of process.  In this instance, Defendants have

actual notice (albeit not proper service of process) of the instant action, Plaintiff would be prejudiced

---

[2] Defendants dispute the material allegations in the complaint as a matter of fact, and deny liability for the actions for which Plaintiff seeks to hold them liable.  Defendants deny that they retaliated against Plaintiff, or ever intended to retaliate against Plaintiff.

by dismissal of this action, and Defendants would not be prejudiced by providing Plaintiff additional time to complete proper service of process.  Thus, the Court exercises its discretion and finds that dismissal is not warranted, but service of the summons and complaint should be quashed.  Plaintiff should be provided an extension of time to properly serve the summons, by and through the United States marshal, if he wishes to continue this action against Defendants Johnson and LeFlore.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The entry of default be VACATED;

2.      Defendant Johnson and LeFlore's motion to dismiss the complaint for insufficient service or process be DENIED;

3.      Defendant Johnson and LeFlore's motion to quash service of the summons and complaint be GRANTED; and

4.      Plaintiff be granted additional time to properly serve Defendants in accordance with Federal Rules of Civil Procedure 4 and, if applicable, California law.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **August 19, 2016**

_____
UNITED STATES MAGISTRATE JUDGE