UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. PERROTTE,<br><br>        Plaintiff,<br><br>    v.<br><br>STACEY JOHNSON, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-00026-LJO-SAB (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S DECEMBER 5, 2016, ORDER<br><br>[ECF No. 60] |

Plaintiff Jeffrey P. Perrotte is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants Stacey Johnson and Jean LeFlore's motion for reconsideration of the Magistrate Judge's December 5, 2016, order, filed December 16, 2016. Because the Court finds no merit to Defendants' motion, the court will exercise its discretion and issue its ruling prior to the expiration of the time for Plaintiff to file an opposition.[1]

///

///

///

**I.**

---

[1] The Court notes that because this action was filed when Plaintiff was incarcerated and proceeding pro se, the Court applied and continues to apply Local Rule 230(m) to this action, rendering an opposition due within twenty-one (21) days after the date of service of the motion. Local Rule 230(m).

1

**PROCEDURAL HISTORY**

Plaintiff filed the instant action on January 7, 2015. On April 13, 2015, the Court screened the complaint and found that Plaintiff stated a cognizable claim for retaliation against Defendants Johnson, LeFlore, and Hebron, and a cognizable claim for cruel and unusual punishment against Defendants Johnson and LeFlore. The Court granted Plaintiff the opportunity to notify the Court of his intent to proceed on the claims found to be cognizable or to file an amended complaint. On April 20, 2015, Plaintiff filed a notice of intent to proceed only on the cognizable claims. Accordingly, on June 16, 2015, the Court directed the United States Marshal to serve the complaint on Defendants Cindy Hebron, Stacey Johnson, and Jean LeFlore. (ECF No. 10.)

On September 28, 2015, Defendant Hebron filed a motion to dismiss. The motion to dismiss was denied on April 27, 2016. (ECF No. 31.)

Defendant Hebron filed an answer to the complaint on May 4, 2016. (ECF No. 32.)

In the meantime, on February 11, 2016, the summons were returned and filed as executed as to Defendants Jean LeFlore and Stacey Johnson. (ECF Nos. 23 & 24.)

On February 16, 2016, the Court ordered Defendants LeFlore and Johnson to show cause as to why the cost for personal service should not be taxed against them. (ECF No. 25.) Then, on March 14, 2016, the Court issued an order to show cause as to why entry of default should not be entered as to Defendants LeFlore and Johnson. (ECF No. 27.) Entry of default was entered as to Defendants Stacey Johnson and Jean LeFlore on April 5, 2016. (ECF No. 30.)

On May 11, 2016, Defendants LeFlore and Johnson filed a motion to vacate the entry of default and to dismiss or quash the complaint based on insufficient service of process. (ECF No. 34.)

On August 22, 2016, the Magistrate Judge issued Findings and Recommendation recommending that the entry of default be vacated, Defendant Johnson and LeFlore's motion to dismiss the complaint for insufficient service of process be denied, Defendant Johnson and LeFlore's motion to quash service of the summons and complaint be granted, and Plaintiff be granted additional time to proper serve Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

///

(ECF No. 47.) The Findings and Recommendations were adopted in full on September 29, 2016.

2

(ECF No. 51.)

On September 30, 2016, the Court issued an order sending Plaintiff the service of process forms for completion and return for service of Defendants Stacey Johnson and Jean LeFlore by the United States Marshal. After the thirty day deadline passed and Plaintiff did not return the service of process forms, the Magistrate Judge issued an order to show cause why the action should not be dismissed on November 14, 2016. (ECF No. 54.)

On November 30, 2016, the Court received the completed service of process forms. Then, on December 2, 2016, the Court ordered service of process by the United States Marshal. (ECF No. 58.) On December 5, 2016, the Magistrate Judge discharged the order to show cause. (ECF No. 59.)

## II.

## DISCUSSION

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623

(1993).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ." Merritt v. International Bro. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241; Phoenix Engineering & Supply v. Universal Elec., 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" Computer Economics, Inc. v. Gartner Group, Inc., 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997)).

Defendants argue that "Plaintiff missed two recent deadlines despite the Court's explicit warning that such action would result in Defendants' dismissal." (Mot. at 8:22-3, ECF No. 62.) "Nevertheless, the Magistrate Judge did not dismiss the Defendants on two occasions when Plaintiff was specifically advised that his failure to adhere to specified deadlines would result in Defendants' dismissal." (Id. at 8:26-9:1.) Defendants submit that Federal Rule of Civil Procedure 4(m) mandated dismissal of Defendants because service was not accomplished within a specified time.

Courts have inherent power to manage their dockets. See, e.g., Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its own docket."). Nothing in Defendants' motion explains how the Court abused its discretion in discharging the order to show cause and ordering service on Defendants by the United States Marshal. Indeed, Defendants' motion is nothing more than an expression of disagreement with the Magistrate Judge's December 5, 2016, order discharging the order to show cause. However, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Nor is there any showing that Plaintiff willfully and intentionally disobeyed the Court's September 30, 2016, order to submit the service documents, or November 14, 2016, order to show cause, and Plaintiff submitted the service documents shortly after the order to show cause was issued. See, e.g., Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984) (The Ninth Circuit Court of Appeals accords the provisions of Rule 4 "a

4

liberal and flexible construction.")

Defendants acknowledge that Plaintiff is proceeding pro se but argue that such status does not excuse him from complying with procedural rules of the Court. However, when considering pro se litigants, the Court recognizes that such litigants are entitled to some latitude and leniency with procedural matters. See, e.g., Haines v. Rowe, 449 U.S. 5, 9 (1980) (discussing less stringent pleading standard applicable to pro se litigants) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (affording pro se litigant leniency with regard to compliance with local rules and civil rules of procedure pertaining to discovery matters) (citing Pembrook v. Wilson, 370 F.2d 37, 39-40 (9th Cir. 1966)); Moore v. Agency of Intern. Dev., 994 F.2d 874, 876 (D.C. Cir. 1993) (discussing leniency to be afforded to pro se litigants in procedural matters such as service of process). Given the procedural history in this case, Plaintiff's pro se status, and the applicable law, Plaintiff would be prejudiced by dismissal of Defendants Johnson and LeFlore and there is no showing that Defendants would be prejudice by the slight delay occasioned by allowing Plaintiff's late-filing of the service documents. Furthermore, dismissal under Rule 4(m) is without prejudice which negates a finding that dismissal is appropriate in this instance.

Because the sufficiency of Plaintiff's compliance with the Court's orders is at the discretion of the Court, the Magistrate Judge reasonably exercised such discretion in discharging the order to show cause on December 5, 2016, after Plaintiff submitted the service of process documents. Accordingly, Defendants' motion for reconsideration of the Magistrate Judge's December 5, 2016 and/or relief from such order, is DENIED.[2]

IT IS SO ORDERED.

Dated: **January 3, 2017**          /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE

---

[2] To the extent Defendants attempt to file motions for a frivolous purpose, such as to generate attorney's fee, it may subject them to sanctions under Federal Rule of Civil Procedure 11. See Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1368 (9th Cir. 1990) (noting the central purpose of Rule 11 is to deter baseless filings in District Courts) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)).