# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. PERROTTE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STACEY JOHNSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00026-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL, GRANTING REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION, AND DENYING, WITHOUT PREJUDICE, REQUEST FOR SETTLEMENT CONFERENCE<br><br>[ECF No. 108] |

　　　　Plaintiff Jeffrey P. Perrotte is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel, referral of case for settlement conference, and request for extension of time to file a further opposition to Defendants' exhaustion-related motion for summary judgment, filed November 20, 2017.

**I.　　Request for Appointment of Counsel**

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Based on the record in this case, Plaintiff is able to articulate his claims and litigate this action. Circumstances common to most prisoners, such as lack of financial resources, lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Accordingly, Plaintiff's second motion for appointment of counsel is DENIED, without prejudice.

**II.     Settlement Conference**

Plaintiff is advised that settlement offers and/or negotiations between the parties shall not be filed with the Court and the parties are free to engage in ongoing settlement negotiations amongst themselves. If both parties believe a settlement conference will be beneficial, they may contact the Court and a settlement conference will be arranged. Accordingly, Plaintiff's motion for settlement of the case shall be denied, without prejudice.

///

///

///

**III.     Extension of Time to File a Further Opposition**

Although Plaintiff presents arguments relating to the pending motion for summary judgment, Plaintiff seeks an extension of time to file a further opposition to Defendants' motion for summary judgment.

On the basis of good cause, the Court will grant Plaintiff thirty (30) days from the date of service of this order to file an opposition to Defendants' motion for summary judgment. However, no further extension of time will be granted absent extraordinary circumstances, not present here.

IT IS SO ORDERED.

Dated:   **November 28, 2017**

                                                    UNITED STATES MAGISTRATE JUDGE