UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. PERROTTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STACEY JOHNSON, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00026-LJO-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING DEFENDANT ALLISON<br><br>[ECF No. 112] |

Plaintiff Jeffrey P. Perrotte is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 28, 2015, the Court found that Plaintiff's complaint stated a cognizable retaliation claim against Defendants Johnson, LeFlore and Hebron and a cognizable claim for cruel and unusual punishment against Defendants Johnson and LeFlore. (ECF No. 10.) The Court dismissed Defendant Allison for failure to state a cognizable claim for relief. (Id.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not

1

have jurisdiction to dismiss the Defendants in its May 28, 2015 order. Therefore, on November 30, 2017, the Magistrate Judge issued Findings and Recommendations recommending that this action proceed against Defendants Johnson, LeFlore and Hebron for retaliation and against Defendants Johnson and LeFlore for cruel and unusual punishment. It was further recommended that Defendants Allison and Does 1 through 10 be dismissed for failure to state a cognizable claim for relief. The Findings and Recommendations were served on the parties and contained notice that objections were to be filed within fourteen days. Plaintiff filed objections on December 28, 2017.

In his objections, Plaintiff contends that this action should proceed on his claims against Does 1 through 10, as well as the other named Defendants. Upon review of the operative complaint, the Court finds that Plaintiff has stated a cognizable claim against Does 1 through 10 for retaliation and cruel and unusual punishment, and this action shall proceed against those unidentified Defendants as well as the named Defendants. Plaintiff is advised that the Court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe Defendant. Therefore, before the Court orders the United States Marshal to serve a Doe defendant, Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. The United States Marshal cannot initiate service of process on unknown defendants. Plaintiff will be given an opportunity through discovery to identify the unknown (Doe) defendants. Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Once the identity of a Doe defendant is ascertained, the Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. Therefore, the court will send plaintiff the appropriate service documents at such time that plaintiff ascertains the identities of the Doe defendants. However, if Plaintiff fails to identify any Doe defendant during the course of the discovery, any Doe Defendant will be dismissed from this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a de novo review of Plaintiff's case. The undersigned concludes the Findings and Recommendations are supported by the record and by proper analysis as modified herein.

Based on the foregoing, it is HEREBY ORDERED that:

1. The November 30, 2017 Findings and Recommendations are adopted as modified herein;

2. This action shall proceed against Defendants Johnson, LeFlore Hebron, and Does 1 through 10 for retaliation and against Defendants Johnson, LeFlore, and Does 1 through 10 for cruel and unusual punishment; and

3. Defendant Allison is dismissed from the action for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **January 12, 2018**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE