# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. PERROTTE,<br><br>    Plaintiff,<br><br>    v.<br><br>STACEY JOHNSON, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00026-LJO-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S SUPPLEMENTAL OBJECTIONS, AND DENYING MOTION TO ALTER THE JUDGMENT<br><br>[ECF Nos. 164, 167] |

    Plaintiff Jeffrey P. Perrotte is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## BACKGROUND

    On January 18, 2017, the Magistrate Judge issued Findings and Recommendations in favor of Defendant Hebron, finding that the undisputed evidence demonstrated that Plaintiff's third level appeal alleging retaliation failed to name or identify Hebron as a participant. (ECF No. 70.) The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within thirty days, and Plaintiff did not file objections. (ECF No. 77.) On February 28, 2017, the undersigned adopted the Findings and Recommendations, and Defendant Hebron was dismissed from the action. (Id.)

1

On July 10, 2018, the Magistrate Judge filed a Findings and Recommendations recommending that Defendants' motion for summary judgment be granted, and this action proceed only on the retaliation claim against Defendant Johnson for placement of false CDCR Form 128-B in his central file and placement in the administrative security unit and all other claims and Defendant LeFlore be dismissed, without prejudice. (ECF No. 157.) The Findings and Recommendations were served on the parties and contained notice that objections were due within thirty days. (Id.) On August 15, 2018, the Court granted Plaintiff thirty additional days to file objections. (ECF No. 159.)

On September 24, 2018, the undersigned adopted the Findings and Recommendations, noting that no objections were timely filed. (ECF No. 161.) However, on this same date, but after the order adopting was placed on the docket, Plaintiff filed objections. (ECF No. 162.) On September 25, 2018, the undersigned overruled Plaintiff's objections. (ECF No. 163.)

On September 28, 2018, Plaintiff filed a supplemental motion to add additional exhibits to his objections. (ECF No. 164.) Then, on October 15, 2018, Plaintiff filed a motion to alter the judgment. (ECF No. 167.) On November 5, 2018, Defendant Johnson filed an opposition to Plaintiff's motion to alter the judgment. (ECF No. 168.) Both of Plaintiff motions are pending review and will be addressed below.

**II.**

**DISCUSSION**

**A.**     **Motion to Supplement Objections**

In his motion to supplement his prior objections with additional evidence, Plaintiff contends: (1) although he did not file an appeal on the issue of retaliation by Johnson in mailing an escape letter the prison was on notice of such claim; (2) he filed complaints regarding the inadequate grievance system; and (3) the assault which took place in the administrative segregation unit would not have occurred absent Johnson's retaliation.

The allegations and evidence submitted by Plaintiff do not alter the Magistrate Judge's July 10, 2018 Findings and Recommendations. Plaintiff has not demonstrated a valid basis to reject and/or reconsider the July 10, 2018, Findings and Recommendations. Namely, Plaintiff has not demonstrated that any other retaliation claims have been exhausted beyond the claim against Defendant Johnson for

2

placement of a false CDCR Form 128-B in his central file and placement in the administrative housing unit as a result. Accordingly, Plaintiff's supplemental objections are overruled.

**B.     Motion to Alter the Judgment**

"To succeed [on a Rule 59(e) motion], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2011). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources… A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted); see also McQuillion v. Duncan, 342 F.3d 1012, 1013 (9th Cir. 2003). Thus, a motion for reconsideration cannot be used to get a second bite at the apple. Campion v. Old Repub. Home Protection Co., Inc., No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [] do not provide a basis for amending the judgment." Kilgore v. Colvin, No. 2:12-CV-1792-CKD, 2013 WL 5425313, at *1 (E.D. Cal. Sept. 27, 2013) (internal quotations omitted).

Furthermore, "[m]ere doubts or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. Campion, 2011 WL 1935967, at *1 (quoting Hopwood v. Texas, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." Id. A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent." Id. (quoting Oto v. Metro Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)).

In his motion to alter the judgment, Plaintiff repeats arguments that were previously made in this action, including the following: (1) the declarations of CDCR Appeals Coordinator J. Corral and Chief of Office of Appeals M. Voong were false and perjured. (See ECF No. 117, pp. 1-6, 13-27; ECF No. 114, p. 1-5; ECF No. 162, pp. 6-7, 9-10; ECF No. 95, pp. 16-2.); (2) Plaintiff was prejudice because the court has not yet ruled on his numerous motions. (ECF No. 162, pp. 7-8.); (3)

3

the prison handles appeals improperly, and Plaintiff filed an appeal regarding such mishandling. (ECF No. 162 pp. 1-2; ECF No. 117, p.3-21; ECF No. 117, Ex. D; ECF No. 95, pp. 4-6.); (4) Plaintiff put the prison on notice of his claim that Defendant Johnson authored the escape letters. (ECF No. 162, pp. 4, 13-14.); (5) Plaintiff's failure to file an appeal concerning the escape letters was excusable and due to the lack of information or documents. (ECF No. 117, pp. 10-11; ECF No. 95, p. 31.); and (6) Plaintiff was deterred from utilizing the administrative remedies available because prison guards orchestrated an assault against him. (ECF No. 117, pp. 7, 19-22; ECF No. 162, pp. 11-13; ECF No. 95, pp. 3-4, 6.) As relief, Plaintiff seeks the following: (1) to rescind the order and reinstated the cause of action on the escape letter; (2) all the action to proceed on the assault claim against Defendant Johnson; (3) allow Plaintiff to add Sergeant Zinnani as a conspirator of Johnson in the assault; (4) issue subpoenas previously requested; and (5) review the pending motions.

Plaintiff does not present new law or facts as a basis for altering the Court's prior rulings and judgment in favor of Defendants Hebron, LeFlore, and Johnson on certain claims. Rather, as illustrated above, Plaintiff repeats and expands on arguments already previously in his oppositions and objections to summary judgment. Plaintiff claims that he is prejudiced by the Court's docket in that the September 24, 2018, Findings and Recommendations were adopted prior to ruling on Plaintiff's various pending motions. However, Plaintiff has failed to demonstrate that it was clear error or manifest injustice for the Court to rule on Defendant Johnson and LeFlore's motion for summary judgment prior to resolving Plaintiff various after-filed motions regarding various matters. Indeed, Plaintiff filed an opposition to Defendants' and objections to the Findings and Recommendations, and there is no basis for reconsideration.

### C. Leave to Amend the Complaint

As part of relief in his 59(e) motion, Plaintiff requests to add Sergeant Zinnani "as a conspirator of Johnson's" in the alleged assault. To the extent, Plaintiff seeks leave to amend the complaint, it must be denied.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may

4

amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." C.F. v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

In this instance, Defendants filed an answer on December 15, 2017. Plaintiff did not file a first amended complaint within twenty-one days of Defendants' answer. In addition, the Court's February 7, 2017, discovery and scheduling order set the deadline to amend the pleading as August 7, 2017. Therefore, Plaintiff requires leave of court to file an amended complaint. Plaintiff fails to include a proposed copy of the amended complaint. Local Rule 137(c). Nonetheless, Plaintiff seeks to amend to add Sergeant Zinnani as a Defendant and conspirator of Defendant Johnson in the alleged assault of Plaintiff. However, for the reasons explained in the July 10, 2018, Findings and Recommendations, Plaintiff has not exhausted such claim and therefore amendment to include Zinnani as a Defendant would be futile. See Ahlmeyer v. Nevada System of Higher Education, 555 F.3d 1051, 1055 (9th Cir. 2009) (futility of amendment, alone, can justify denying a motion to amend). Accordingly, Plaintiff's motion to amend the complaint must be denied.

///
///
///
///
///
///
///
///

5

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's supplemental objections to the July 10, 2018 Findings and Recommendations are overruled;
2. Plaintiff's motion to alter the judgment is denied; and
3. Plaintiff's motion to amend the complaint is denied.

IT IS SO ORDERED.

Dated: **November 26, 2018**         /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE