1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 JEFFREY P. PERROTTE,           )    Case No. 1:15-cv-00026-LJO-SAB (PC)
                                   )

12           Plaintiff,       )
                                   )    ORDER REGARDING PLAINTIFF'S MOTION

13       v.              )    TO COMPEL DISCOVERY
                                   )

14 STACEY JOHNSON, et al.,      )    [ECF No. 129]
                                   )

15           Defendants.     )
                                   )

16 _____)

17         Plaintiff Jeffrey P. Perrotte is appearing pro se and in forma pauperis in this civil rights action

18 pursuant to 42 U.S.C. § 1983.

19         Currently before the Court is Plaintiff's motion to compel discovery, filed March 30, 2018.

20 Defendant filed an opposition on April 23, 2018. (ECF No. 136.)

21         Following briefing and resolution of exhaustion of the administrative remedies, this action is

22 proceeding only against Defendant Johnson for placement of a false CDCR Form 129-B in his central

23 file and placement in the A.S.U. (ECF Nos. 157, 161.) Therefore, Plaintiff's motion to compel

24 discovery regarding any other claims and Defendants shall be denied as moot.

25                                     **I.**

26                     **LEGAL STANDARD**

27         Plaintiff is proceeding pro se and he is a civil detainee challenging his conditions of

28 confinement. As a result, the parties were relieved of some of the requirements which would

1

otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 76, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance

of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## II.

## DISCUSSION

### A.    Motion to Compel

Plaintiff seeks to compel further responses to his first and second set of production of documents, dated November 11, 2017 and December 18, 2017. Plaintiff essentially argues that all of Defendant's objections are boilerplate and intended to hinder and frustrate discovery.

Defendant argues that Plaintiff requests production of documents largely not in her possession, custody, or control, and such requests should be directed to the California Department of Corrections and Rehabilitation ("CDCR") and Walden House. Defendant submits that "the few responsive documents in Defendants' possession, custody, or control, were made available to Plaintiff for inspection and copying per Plaintiff's request." (Opp'n at 1, ECF No. 136, footnote omitted.) Defendant further submits that when Plaintiff's requests for production were propounded, Defendant

Johnson was no longer employed at Walden House.  (Morgan Decl. ¶ 3.)  Defendant argues that, following a diligent and a reasonable inquiry, timely responded to Plaintiff's requests.  Defendant further submits that "[c]ounsel for Defendants have obtained certain other documents which might be responsive to Plaintiff's request for production, but only possess those materials because they were either (1) submitted by other parties in this action, including Plaintiff, through the ECF system; (2) obtained pursuant to subpoenas for which Plaintiff was given notice; or (3) obtained by counsel for Defendants by request from publicly available sources.  (Morgan Decl. ¶ 6.)  These documents are equally available to Plaintiff as they were to counsel for Defendants."  (Opp'n at 2:16-21.)  Defendant requests that the Court deny the motion and direct the parties to meet and confer regarding the discovery disputes.

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand."  Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at

1  *3-4 (E.D. Cal. Mar. 19, 2010).  As with previously discussed forms of discovery, boilerplate

2  objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408

3  F.3d at 1149.

4        1.    First and Second Sets of Plaintiff's Request for Production of Documents

5        a.    **Request for Production No. 1:** Any and all documents that refer or relate to policies,

6  procedures, and practices of Walden House employees and supervisors in advising and counseling

7  inmate residents in grievance procedures including the use of family values over filing CDCR-602.

8        **Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General

9  Objections as if fully set forth herein.  Ms. Johnson further objects to this request on the grounds that it

10  is vague and ambiguous as to the use of the phrases "grievance procedures" and "use of family values

11  over filing CDCR-602."  Ms. Johnson also objects that this request seek information which is neither

12  relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of

13  admissible evidence.  Ms. Johnson further objects that this request seeks disclosure of proprietary

14  and/or confidential business information.  Finally, Ms. Johnson objects that this request seeks

15  production of documents in the possession, custody or control of other parties to this action and/or

16  third parties to this litigation.

17        **Ruling:** Plaintiff's motion to compel is denied, without prejudice.  The term "use of family

18  values" is vague and ambiguous."  However, to the extent Defendant does not have possession,

19  custody or control of such documentation, Plaintiff may rephrase his request by way of an appropriate

20  request for subpoena for information relevant to his claim that Defendant Johnson for placement of a

21  false CDCR Form 129-B in his central file and placement in the A.S.U.

22        b.    **Request for Production No. 2:** Any and all documents that refer or relate to the

23  training Walden House employees receive regarding inmate rights and due process.

24        **Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General

25  Objections as if fully set forth herein.  Ms. Johnson further objects to this request on the grounds that it

26  is vague and ambiguous as to the use of the phrase "inmate rights and due process."  Ms. Johnson also

27  objects that this request seeks information which is neither relevant to the subject matter of the action

28  nor reasonably calculated to lead to the discovery of admissible evidence.  Ms. Johnson also objects

that this request seeks disclosure of proprietary and/or confidential business information. Finally, Ms. Johnson objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation.

Without waiving the foregoing objections, Ms. Johnson responds as follows: Counsel for Ms. Johnson will make documents responsive to this request in their possession, custody, or control available to propounding party for inspection, copying, testing, or sampling subject to payment of reasonable expenses by plaintiff pursuant to Code of Civil Procedure § 2031.280(e).

In her opposition to Plaintiff's motion, Defendant Johnson submits that she produced a number of certificates denoting training she received while employed by Walden House. (Morgan Decl. ¶ 5.)

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant represents that she produced a number of certificates relating to training while employed by Walden House, and there is no indication that further document is available to be disclosed. Accordingly, Plaintiff's motion to compel a further response is denied.

**c.      Request for Production No. 3:** Any and all documents located in the personnel files of Defendant[] Stacey Johnson … including, but not limited to sanctions, misconduct, etc. Provide true copies of all grievances filed by inmates and peers/employees including the name and contact information of the person who filed the grievance, the issue or conduct appealed, and disposition.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the use of the words "disposition" and "grievance" and the phrases "personnel files," "sanctions, misconduct, etc." and "peers/employees." Ms. Johnson also objects that this request is overly broad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson further objects that this request seeks information protected by the right of privacy. Finally, Ms. Johnson objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Ms. Johnson further objects that this request is compound. Finally, Ms. Johnson objects that this request is vague as to time.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied, without prejudice. Defendant's objections are sustained in that this request is vague, ambiguous, compound, and seeks information protected by the right of privacy. In addition, the breadth of the discovery sought, related to any and all sanctions, misconduct, etc. (to the extent such terms are not vague or ambiguous) is not relevant to Plaintiff's claim and/or proportional to the needs of the case. However, Plaintiff may rephrase his request by way of an appropriate request for subpoena as is relevant to the remaining claim at issue, i.e., that Defendant Johnson for placement of a false CDCR Form 129-B in his central file and placement in the A.S.U.

**d.    Request for Production No. 4:** Any and all correspondence relating to complaints by inmates or prison employees against Walden House staff employed at SATF and supervisory staff located in San Francisco and Los Angeles.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the use of the word "complaints." Ms. Johnson also objects that this request is overly broad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson further objects that this request seeks production of documents equally available to Plaintiff in this litigation. Finally, Ms. Johnson objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Ms. Johnson further objects that this request is compound. Finally, Ms. Johnson objects that this request is vague as to time.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request, other than those documents previously submitted by other parties in this litigation, which are accessible from this Court's docket.

7

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, compound, and seeks information protected by the right of privacy. In addition, the breadth of the discovery sought, related to complaints (to the extent such term is not vague or ambiguous) is not relevant to Plaintiff's claim and/or proportional to the needs of the case.

e.    **Request for Production No. 5:** Any and all documents relating to prior or current investigations of misconduct by CDCR prison staff and Special Agent John Santos (unredacted), on Stacey Johnson and other Walden House staff at SATF.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrase "on Stacey Johnson and other Walden House staff at SATF." Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is vague as to time.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague and ambiguous.

f.    **Request for Production No. 6:** Please provide all documents found on former employee Sue Rudd that speak to the nature of separation and any and all documents that allege any misconduct, or violation of any policy or procedure. Any and all documents that were filed including emails by Sue Rudd against any Walden House employee.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "that speak to the nature of separation" and "against any Walden House employee." Ms. Johnson also objects that this request is overly broad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks production of documents

in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is vague as to time.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

In his motion to compel, Plaintiff argues that this evidence will provide that Sue Rudd was fired by Defendant Johnson for assisting Plaintiff defend a retaliatory disciplinary action by Johnson by placing positive documents in Plaintiff's central file, and informing Plaintiff of Defendant Johnson's misconduct. Plaintiff submits that Sue Rudd is now deceased and he intends her life partner to testify as to Ms. Rudd's dying declaration and knowledge of facts relating to her termination and conduct of Johnson. (MTC at 13-14.)

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overboard, unduly burdensome, oppressive and compound. Accordingly, Plaintiff's motion to compel is denied.

g. **Request for Production No. 7:** Any document that reflects the complete contact information of every Walden House employee during the relevant period at SATF.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "complete contact information" and "relevant period at SATF." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is vague as to time.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

///

//

9

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overboard, unduly burdensome, oppressive and compound. Accordingly, Plaintiff's motion to compel is denied.

**h.** **Request for Production No. 8:** Please provide a copy of every grievance filed at and maintained at every place of employment of defendant[] Johnson …."

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "inmate grievance" and "every place of employment of defendant Johnson." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson further objects that this request seeks production of documents equally available to Plaintiff in this litigation. Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is vague as to time.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request, other than those documents previously submitted by other parties in this litigation, which are accessible from this Court's docket.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome, oppressive and compound. Accordingly, Plaintiff's motion to compel is denied.

**i.** **Request for Production No. 9:** Any and all documents including high-level management email communications that discuss the release of Sue Rudd.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "high-level management email communications" and "the release of Sue Rudd." Ms. Johnson also objects that this request is overbroad, unduly burdensome and

oppressive. Ms. Johnson further objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Ms. Johnson objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, over board, unduly burdensome and oppressive. Accordingly, Plaintiff's motion to compel is denied.

**j.      Request for Production No. 10:** Any and all documents located in the employee and former employee files on Debra Sanderson, Doris Trapp, Mona Vasquez that addresses misconduct, allegations of misconduct, and inmate appeals.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrase "employee and former employee files." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson further objects that this request seeks information protected by the right of privacy. Finally, Ms. Johnson objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

///

///

///

In his motion to compel, Plaintiff contends that this information is relevant because these individuals were threatened with termination for refusing to take Defendant Johnson's side and assist her in the retaliation of Plaintiff. Plaintiff seeks any complaints filed by these individuals against Defendant Johnson in 2008 through February 10, 2015.

**Ruling:** Plaintiff's motion to compel must be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information protected by the right of privacy. In addition, the breadth of the discovery sought, related to the "employee and former employee files," (to the extent such term is not vague or ambiguous) is not relevant to Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

**k.    Request for Production No. 11:** Any and all documents that reflect the policies and procedures, training and expectation in dealing with employees working on prison grounds.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrase "expectations in dealing with." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson further objects that this request seeks the disclosure of proprietary and/or confidential business information. Finally, Ms. Johnson objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information protected by the right of privacy. In addition, the breadth of the discovery sought, related to the "expectations in dealing with," (to the extent such term is not vague or ambiguous) is not

relevant to Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

**l.** **Request for Production No. 12:** Any and all documents received read or reviewed by each defendant that refer or relate to inmate and staff relationships.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrase "inmate and staff relationships." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson further objects that this request seeks the disclosure of proprietary and/or confidential business information. Finally, Ms. Johnson objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome, oppressive, and seeks information protected by the right of privacy. In addition, the breadth of the discovery sought, related to the "inmate and staff relationships," (to the extent such term is not vague or ambiguous) is not relevant to Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

**m.** **Request for Production No. 13:** Any and all communication between Walden House and prison investigators that uncovered misconduct by Defendants, including misconduct appeals.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "communication between Walden House and prison investigations" and "misconduct appeals." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson further objects that this request seeks production of

documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is vague as to time.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive. In addition, the breadth of the discovery sought, related to the phrases "communication between Walden House and prison investigations" and "misconduct appeals" (to the extent such terms are not vague or ambiguous) are not relevant to Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

**n.** **Request for Production No. 14:** Any and all documents that were prepared by former or current employees which complained of inappropriate conduct, or any unprofessional interactions with either defendants.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "former or current employees," "inappropriate conduct" and "unprofessional interactions." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is vague as to time.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive. Accordingly, Plaintiff's motion to compel is denied.

///

14

**o.** **Request for Production No. 15:** Any and all incident reports filed by SATF in allegations of misconduct of a Walden House employee, any and all incident and disciplinary reports generated during the relevant period by Defendants or against Defendants.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "incident reports," "in allegations of misconduct," "disciplinary reports" and "relevant time period." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is compound.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive. In addition, the breadth of the discovery sought, related to the phrases "incident reports," "in allegations of misconduct," "disciplinary reports" and "relevant time period" (to the extent such terms are not vague or ambiguous) are not relevant to Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

**p.** **Request for Production No. 16:** Any and all documents and communications generated resulting from Plaintiff's complaints and allegations of misconduct against Defendants.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrase "resulting from." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson further objects that this request seeks production of documents equally available to Plaintiff in this litigation. Finally, Ms. Johnson further

15

objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request, other than those documents previously submitted by other parties in this litigation, which are accessible from this Court's docket.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive. Accordingly, Plaintiff's motion to compel is denied.

**q.** **Request for Production No. 17:** Any and all documents and communications between Walden House and California Department of Corrections and Rehabilitation that describe and specifically Walden House's role in working with inmates including certification and training requirements, reporting requirements, inmate rights etc. Provide a complete training and orientation manual and any other related material.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "training and orientation manual," "related material" and "Walden House's role in working with inmates." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson also objects that this request seeks the disclosure of proprietary and/or confidential business information. Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is compound.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive. In addition, the breadth of the discovery sought, related to the phrases "training and orientation manual," "related material" and "Walden House's role in working with inmates" (to the extent such terms are not vague or ambiguous) are not relevant to Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

    **r.**    **Request for Production No. 18:** Any and all documented instances of over-familiarity between residents, mentors and Walden House counselors. Also, any and all documents resulting from the Internal Affairs investigation of the inappropriate relationship between Stacey Johnson and Scott Holland.

    **Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "the Internal Affairs Investigation" and "inappropriate relationship." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is compound.

    Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

    **Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive. In addition, the breadth of the discovery sought, related to the phrases "the Internal Affairs Investigation" and "inappropriate relationship" (to the extent such terms are not vague or ambiguous) are not relevant to

Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

**s.** **Request for Production No. 19:** Any and all documents, communications and incident reports generated as a result of Stacey Johnson's allegations against Plaintiff in CDCR 128B, dated 4-13-11, including the confidential memorandum. All supporting documentation including the names and contact information of inmates referenced in the chrono and all evidence which supports the allegations.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the word "chrono," and the phrases "incident reports," "generated as a result of," "confidential memorandum" and "all evidence that supports the allegations." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson further objects that this request seeks production of documents equally available to Plaintiff in this litigation. Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is compound.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request, other than those documents previously submitted by other parties in this litigation, which are accessible from this Court's docket.

In his motion to compel, Plaintiff contends that based on the nature of the allegations set forth in the CDCR 128B relating to statements by other inmates that Plaintiff threatened harm to Defendant Johnson an internal investigation regarding the allegations would have been conducted and documents generated.

**Ruling:** Plaintiff's motion to compel is denied, without prejudice. Because Defendant is not in possession, custody or control of the documentation, Plaintiff may request an appropriate subpoena for any documentation and/or investigation that took place after issuance of the CDCR 128B, dated April 3 or 13, 2011.

**t. Request for Production No. 20:** Any and all records relating to training of all staff during the relevant period including former and present.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "all staff" and "relevant period." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson also objects that this request seeks the disclosure of proprietary and/or confidential business information. Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation.

Without waiving the foregoing objections, Ms. Johnson responds as follows: Counsel for Ms. Johnson will make documents responsive to this request in its possession, custody, or control available to the propounding party for inspection, copying, testing, or sampling subject to payment of reasonable expenses by plaintiff pursuant to California Code of Civil Procedure § 2031.280(e).[1]

**Ruling:** Plaintiff's motion to compel is granted. Although Defendant submits that she will provide Plaintiff with a copy of any available responsive documentation, subject to reasonable expenses under section 2031.280(e), Defendant fails to explain how this section is applicable to this case. This action which is proceeding under 42 U.S.C. § 1983, is governed by the parameters of the Federal Rules of Civil Procedure not the California Code of Civil Procedures. Accordingly, within twenty days from the date of service of this order, Defendant shall produce responsive documentation to Plaintiff without the restrictions set forth under California Code of Civil Procedure § 2031.280(e).

**s. Request for Production No. 21:** Any and all documented instances of romantic relationships between mentors and Walden House employees.

---

[1] California Code of Civil Procedure § 2031.280(e) states, "[i]f necessary, the responding party at the reasonable expense of the demanding party shall, through detention devices, translate any data compilations included in the demand into reasonably unsafe form."

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrase "romantic relationship." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson further objects that this request is vague as to time.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive. In addition, the breadth of the discovery sought, related to the phrase "romantic relationships" (to the extent such term is not vague or ambiguous) is not relevant to Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

**u.** **Request for Production No. 22:** Any and all documents and records that reflects the training of Walden House employees on what constitutes retaliation and any and all training provided by SATF and CDCR regarding procedural due process to be afforded inmate residents. Training curriculum that on the Walden House Program and Mentor Program promoted "Family Values" to resolve conflict and adverse actions over the use of established grievance process. Copies of every inmate grievance filed during relevant period.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "Training curriculum that on the Walden House Program and Mentor Program promoted 'Family Values' to resolve conflicts and adverse actions over the use of established grievance process" and "inmate grievance." Ms. Johnson also objects that this request

is confusing and lacking in sufficient certainty to permit a person to respond.  Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive.  Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.  Ms. Johnson also objects that this request seeks the disclosure of proprietary and/or confidential business information.  Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation.  Finally, Ms. Johnson objects that this request is compound.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied.  Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome, oppressive, confusing and lacks sufficient certainty to permit a response.  In addition, the breadth of the discovery sought, related to the phrases ""Training curriculum that on the Walden House Program and Mentor Program promoted 'Family Values' to resolve conflicts and adverse actions over the use of established grievance process" and "inmate grievance" (to the extent such terms are not vague or ambiguous) are not relevant to Plaintiff's claim and/or proportional to the needs of the case.  Accordingly, Plaintiff's motion to compel is denied.

**v.** **Request for Production No. 23:** Any and all incident packages, rules violation reports or supplemental reports which relate or refer to acts, or threats of violence, including murder charges, resulting from attack by A or B Yard inmates when rehoused on F or G Yard during relevant period.

**Defendant's Response:**  Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein.  Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "incident packages," "rules violation reports," "supplemental reports," "acts, or threats of violence, including murder charges, resulting from attack by A or B yard inmates when rehoused on F or G Yard" and "relevant period."  Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive.  Ms. Johnson also objects that this request

seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Ms. Johnson objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive. In addition, the breadth of the discovery sought, related to the phrases "incident packages," "rules violation reports," "supplemental reports," "acts, or threats of violence, including murder charges, resulting from attack by A or B yard inmates when rehoused on F or G Yard" and "relevant period" (to the extent such terms are not vague or ambiguous) are not relevant to Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

**w.     Request for Production No. 24:** Any and all information pertaining to inmate Stroud, CDCR P-49247, who attacked Plaintiff when rehoused in ad-seg for making allegations against Walden House including: 1) reason Stroud was in Ad-Seg, 2) custody level, 3) validation(s), and Security Threat Group, 4) all prior role violations and incidents of violence, 5) all confidential and non-confidential allegations made against Stroud and 6) current contact information.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the word "validation(s)" and the phrases "custody level," "Security Threat Group" and "role violations." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson also objects that this request seeks information protected by the right of privacy. Ms. Johnson further objects that this request seeks production of documents equally available to Plaintiff in this litigation. Ms. Johnson further objects that this request seeks production

22

of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is compound.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request, other than those documents previously submitted by other parties in this litigation, which are accessible from this Court's docket.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive. In addition, the breadth of the discovery sought, related to the word "validation(s)" and the phrases "custody level," "Security Threat Group" and "role violations" (to the extent such terms are not vague or ambiguous) are not relevant to Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

**x.      Request for Production No. 25:** Any and all CDCR and Board of Parole Hearings (BPH) documents and communications which in any manner reference the CDC-128-B dated 4-13-11 by Johnson or the 'escape' letter intercepted by ASU staff on 4-27-11 in the BPH's review of parole grant of 4-3-13 and Governor's review including the BPH's report to Governor Brown's office and other communication between the BPH's in-house counsel and/or employees and Governor Brown's office.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases 'the BPH report to Governor Brown's office" and "in the BPH's review of parole grant of 4-3-13 and Governor's Review." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Ms. Johnson further objects that this request seeks information protected by the attorney-client privilege and/or the work product doctrine. Finally, Ms. Johnson objects that this request is compound.

///

23

Without waiving the foregoing objections, Ms. Johnson responds as follows: Counsel for Ms. Johnson will make documents responsive to this request in its possession, custody, or control available to the propounding party for inspection, copying, testing, or sampling subject to payment of reasonable expenses by plaintiff pursuant to California Code of Civil Procedure § 2031.280(e).[2]

**Ruling:** Plaintiff's motion to compel shall be granted. Although Defendant submits that she will provide Plaintiff with a copy of any available responsive documentation, subject to reasonable expenses under section 2031.280(e), Defendant fails to explain how this section is applicable to this case. This action which is proceeding under 42 U.S.C. § 1983, is governed by the parameters of the Federal Rules of Civil Procedure not the California Code of Civil Procedures. Accordingly, within twenty days from the date of service of this order, Defendant shall produce responsive documentation to Plaintiff without the restrictions set forth under California Code of Civil Procedure § 2031.280(e).

**y. Request for Production No. 26:** Any and all SATF, and CDCR's Special Investigation reports, emails and other communications generated as a result of the investigation conducted on the 'escape' letter sent to Plaintiff and intercepted by CDCR ASU on 4-27-11 including unredacted notes and reports between SATF Warden SATF I.S.U., S.S.U. John Santos, Walden House and anyone else involved in the investigation.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrase "Special investigations reports." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Ms. Johnson further objects that this request seeks information protected by the attorney-client privilege and/or the work product doctrine. Finally, Ms. Johnson objects that this request is compound.

---

[2] California Code of Civil Procedure § 2031.280(e) states, "[i]f necessary, the responding party at the reasonable expense of the demanding party shall, through detention devices, translate any data compilations included in the demand into reasonably unsafe form."

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request, other than those documents previously submitted by other parties in this litigation, which are accessible from this Court's docket.

**Ruling:** Plaintiff's motion to compel is denied. Defendant's objection that the request is vague as to the phrase "Special investigations reports" is sustained. More importantly, the request is not relevant to the remaining claim that Defendant Johnson placed a false CDCR Form 129-B in his central file and placement in the A.S.U.

**z.** **Request for Production No. 27:** Copies of <u>all</u> declarations made by M. Voong and J. Corral (or Office of Chief, Inmate Appeals and SATF Appeals Coordinator) to be used in civil cases of any inmate during relevant period including Voong declaration in *Rios v. Paramo* (July 15, 2016) 2016 U.S. Dist., LEXIS 122502.

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrase "to be used in civil cases of any inmate during the relevant period." Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson further objects that this request seeks production of documents equally available to Plaintiff in this litigation. Finally, Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request, other than those documents previously submitted by other parties in this litigation, which are accessible from this Court's docket.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague and ambiguous. In addition, the breadth of the discovery sought, related to the phrase "to be used in civil cases of any inmate during the relevant period" (to the extent such term

is not vague or ambiguous) is not relevant to Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

**z.        Request for Production No. 28:** Any and all CDC-128B's authored by Johnson or LeFlore regarding allegations of misconduct to any inmate housed on a facility in which they were assigned during any time period. Include any and all rules violation reports as well. (CDC-115's).

**Defendant's Response:** Ms. Johnson incorporates the Preliminary Statement and General Objections as if fully set forth herein. Ms. Johnson further objects to this request on the grounds that it is vague and ambiguous as to the phrases "rules violation reports" and "allegations of misconduct to any inmate house on a facility in which they were assigned." Ms. Johnson also objects that this request is overbroad, unduly burdensome and oppressive. Ms. Johnson also objects that this request seeks information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson further objects that this request seeks production of documents equally available to Plaintiff in this litigation. Ms. Johnson further objects that this request seeks production of documents in the possession, custody or control of other parties to this action and/or third parties to this litigation. Finally, Ms. Johnson objects that this request is compound.

Without waiving these objections, Ms. Johnson responds as follows: Following a diligent search and a reasonable inquiry, Ms. Johnson is not in possession, custody, or control of documents responsive to this request, other than those documents previously submitted by other parties in this litigation, which are accessible from this Court's docket.

**Ruling:** Plaintiff's motion to compel shall be denied. Defendant's objections are sustained in that this request is vague, ambiguous, overbroad, unduly burdensome and oppressive. In addition, the breadth of the discovery sought, related to the phrase "allegations of misconduct to any inmate housed on a facility in which they were assigned" (to the extent such term is not vague or ambiguous) is not relevant to Plaintiff's claim and/or proportional to the needs of the case. Accordingly, Plaintiff's motion to compel is denied.

///

///

**B.     Motion for Sanctions**

Plaintiff requests imposition of sanctions and expenses pursuant to Federal Rules of Civil Procedure 37(a)(5).

"Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct."  Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001).  Under Rule 37(b)(2), subsections (A) through (C), sanctions are "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'"  Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002).

If a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Plaintiff's pro se status does not insulate him from sanctions for failure to respond to discovery.  See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding pro se); Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (pro se status "does not excuse intentional noncompliance with discovery rules.").

As an initial matter, Plaintiff is proceeding pro se in this action and has therefore not incurred attorney's fees.  Moreover, Plaintiff claims as expenses costs incurred by his employer's legal department in responding to Defendant's subpoenas, which are costs wholly unrelated to Plaintiff's present motion to compel.  In addition, forth the reasons explained above, a majority of Defendant's objections to Plaintiff's discovery requests were sustained there is presently no basis for imposition of sanctions or expenses incurred in filing the instant motion.  Accordingly, Plaintiff's motion for imposition of sanction is denied.

///

///

///

///

///

**III.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion to compel is denied in part and granted in part for the reasons explained above; and

2.      Plaintiff's motion for imposition of sanctions is denied.

IT IS SO ORDERED.

Dated:   **January 11, 2019**

UNITED STATES MAGISTRATE JUDGE