1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY P. PERROTTE,                    )   Case No. 1:15-cv-00026-LJO-SAB (PC)
                                             )
12                    Plaintiff,             )
                                             )   ORDER REGARDING PLAINTIFF'S REQUESTS
13          v.                               )   FOR ISSUANCE OF SUBPOENAS
                                             )
14   STACEY JOHNSON, et al.,                 )   [ECF Nos. 130, 141, 148]
                                             )
15                    Defendants.            )
                                             )
16   _____        )

17          Plaintiff Jeffrey P. Perrotte is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19           Currently before the Court is Plaintiff's request for issuance of subpoenas, filed April 2, 2018

20   and May 4, 2018, respectively.

21          Following briefing and resolution of exhaustion of the administrative remedies, this action is

22   proceeding only against Defendant Johnson for placement of a false CDCR Form 129-B in his central

23   file and placement in the A.S.U.  (ECF Nos. 157, 161.)  Therefore, Plaintiff's request for subpoenas as

24   to any other claims and Defendants shall be denied as moot.  For the following reasons, Plaintiff's

25   requests must be denied, without prejudice.

26   ///

27   ///

28   ///

                                                  1

# I.

## DISCUSSION

### A. Legal Standard

Pro se litigants who proceed in forma pauperis are entitled to invoke a district court's subpoena power and have the United States Marshal serve process. 28 U.S.C. § 1915(d). However, this right is subject to the requirements of the discovery rules and the court's duty to ensure that a subpoena does not impose an undue burden or expense on the person subject to that subpoena. <u>Avery v. Pazos</u>, Case No. 2:06-cv0-01400-FCD-KJM, 2007 WL 4284729, at *1 (E.D. Cal. Dec. 5, 2007). The scope of discovery through a subpoena is the same as that applicable to Rule 26 and the other discovery rules. <u>Couch v. Wan</u>, Case No. 1:18-cv-01621-LJO-DLB, 2011 WL 2551546, at *2 (E.D. Cal. June 24, 2011); <u>see also</u> Fed. R. Civ. P. 45 Advisory Committee Notes 1991 Amendment.

The Court will authorize the Clerk's Office to issue a subpoena duces tecum commanding a third party to produce documents *only if* (1) Plaintiff is unable to obtain the documents directly from Defendant <u>and</u> (2) he thereafter files a motion to compel which results in a determination that he is entitled to the documents but Defendant lacks possession, custody, or control over them. <u>See</u> Fed. R. Civ. P. 45(d) (parties have a duty to avoid imposing undue burden or expense on a person subject to subpoena and courts are required to enforce this duty) (quotation marks omitted); <u>Ollier v. Sweetwater Union High School Dist.</u>, 768 F.3d 843, 862 (9th Cir. 2014) (district courts have "wide discretion in controlling discovery.") (internal quotation marks and citation omitted).

Rule 45 requires the Court to quash any subpoena that "requires the disclosure of privileged or other protected matter" or "subjects a person to an undue burden." In addition, a motion for issuance of a subpoena duces tecum should (1) clearly identify the documents sought and from whom, and (2) demonstrate that the records are obtainable only through the identified third party." <u>Alexander v. California Dep't of Corr. et al.</u>, Case No. 2:08-cv-02773-MCE-KJN, 2010 WL 4069953, at *2 (E.D. Cal. Oct. 18, 2010).

### B. Plaintiff's April 2, 2018 Request

In his April 2, 2018 request, Plaintiff seeks the Court to issue the following seven subpoenas:

(1) <u>CDCR Office of Correctional Safety, Attention Litigation Coordinator Manuel Lujan</u>. "All

materials regarding an investigation involving and/or relating to Jeffrey P. Perrotte, H-89472, including, but not limited to, the investigation conducted by Senior Special Agent Santos (report no. 12762-027-11) regarding an escape letter postmarked April 2011 and intercepted by staff.  Include all theories or notes between C.S.A.T.F. investigators and Stacey Johnson's suspected involvement."

(2) <u>Custodian of Records at Walden House</u>.  "Complete employee files of Sue Rudd, Jean LeFlore and Stacey Johnson, including allegations of investigations of misconduct, reason for termination.  Name and last contact information of all present and former employees who worked at Corcoran SATF from November 2008 through September 2011.  All records pertaining to the training employees of Walden House receive regarding inmate rights.  All records regarding personnel misconduct, or allegations, of employees at Corcoran SATF from Nov. 2008 through Sep. 2011.  All training Walden House employees receive on CDCR policies in dealing with inmates.  Copy of all materials provided to residents on rules and 'family values.'  Process required of residents filing a grievance.

(3) <u>CDCR Appeals Coordinator Corcoran, SATF</u>.  "All grievances filed (602's) on facility F against Walden House or its counselors, for any reason, from Nov. 2008 through Sep. 2011, include all staff responses at all levels."

(4) <u>Warden at Corcoran SATF</u>.  "All documents and investigation notes regarding the ordered investigation of April 2011 of Jeffrey P. Perrotte, H89472, regarding an 'escape' letter intercepted by ASU staff and the information generated regarding possible involvement, or circumstantial evidence of Stacey Johnson.  All documents generated regarding allegations of misconduct against Walden House by Jeffrey P. Perrottee, H89472, or any other staff or resident."

(5) <u>Warden at Corcoran SATF</u>.  "All policies and procedures in safety of inmates housed in administrative segregation.  Specifically, in insuring low-level inmates are protected from high-level, validated members of an STG-1, safety determinates, or red flags used by staff in classifying an inmate for appropriate housing and policy on validated housing and policy in validated gang members in relation to non-validated, non-gang members.

(6) <u>Warden at Corcoran SATF</u>.  "All training CDCR provides to Walden House regarding the

protection of inmate rights.  All documents notifying the institution of the termination of Sue Rudd in March or April 2011.  Reason for termination, etc.  Any discrepancies discovered in the 'family values' enforced by Walden House that are contrary to well-established rights to be afforded inmates."

(7) <u>Board of Parole Hearings</u>.  "All communications prepared by the Board during decision review of Jeffrey P. Perrotte, H89472 grant of parole on April 3, 2013, and forwarded to Governor's office, including highlighted disciplinaries or informational chronos which the Governor mentioned in the grant 'reversal.'  This includes the mentioning and reference to an 'escape' letter intercepted by prison staff."

**Ruling:** Plaintiff's requests for subpoenas are vague, ambiguous, overbroad and irrelevant to his retaliation claim against Defendant Stacey Johnson for placement of a false CDCR Form 129-B in his central file and placement in the A.S.U.  More specifically, the requests for information relating to an escape letter are irrelevant.  Accordingly, Plaintiff's requests for subpoenas shall be denied, without prejudice.

**C.     Plaintiff's May 4, 2018 Request for Subpoenas**

In Plaintiff's May 4, 2018 request, Plaintiff merely seeks the Court to issue "blank" subpoenas to him to obtain necessary documentation to prosecute this action.  As explained above, Plaintiff cannot make a "blank" request for subpoenas, but rather must make a specific showing of the necessity of such subpoenas.  Accordingly, Plaintiff's request for issuance of "blank" subpoenas must be denied, without prejudice.

**D.     Plaintiff's May 21, 2018 Request for Subpoenas**

In his May 21, 2018 motion, Plaintiff again seeks issuance of subpoenas.  Plaintiff seeks the Court to issue the following seven subpoenas:

(1) <u>Richard J. Donovan Correctional Facility, Attention Litigation Coordinator</u>.  "All phone records and recordings placed to: 760-408-0400 on 6-29.-17, Oct. 3-15, 2017, 2-14-18, 3-7-18, 2-26-18, 3-20-18, 3-21-18, 4-12-18, 4-13-18 (There will be more, if dates are discovered)."

(2) <u>Riverside County Jail, Larry D. Smith Facility</u>. "All phone records, recordings and transcripts made by Jeffrey P. Perrotte, D.O.B. 7-30-63 during the following two periods and booking #'s, 201649037 from 12-13-16 through 1-30-17 and 201747324 from 12-11-17 through 3-11-18."

(3) <u>CDCR Office of Public Safety, Manuel Lujan</u>. "All materials regarding an investigation involving Walden House employee Stacey Johnson while a C.S.A.T.F, including, but not limited to, even involving an escape letter mailed to inmate Jeffrey P. Perrotte, H-89472, postmarked, April 2011. Include all investigatory notes and information received, as well as unofficial or official conclusions. Any and all investigations conducted of Walden House and/or employees at C.S.A.T.F. from 2008 through 2015."

(4) <u>Custodian of Records at Walden House</u>. "Copies of employee records including complaints, grievances, warnings, disciplinary investigative documents of (former) Stacey Johnson, Sue Rudd, and Jean LeFlore. Name and last known contact information of all present and former employees of Walden House who, for any amount of time, worked at the Corcoran Substance Abuse Treatment Facility from 2008 through 2015. All records related to the training, including curriculum Walden House employees receive on rights to be afforded inmates, grievance processes and due process. All materials used in the teaching of 'Family Values.' All records and investigations regarding suspected or actual employee misconduct of Walden House employees at C.S.A.T.F. from 2008 through 2015. All behavior modification techniques employed (descript by Walden House at C.S.A.T.F including, the Bench, Contracts, Pull-ups, Core Group, etc. Copy of all grievances and complaints by residents or mentors against Walden House providers supervisors during 2008 through 2015. Process on a resident filing a grievance. All training mentors and mentor candidates receive. All training Walden House receives from CDCR on inmate/staff relations. Copies of all CDCR-115 RVR's written by Walden House providers. All complaints received by Walden House employees on Stacey Johnson and Jean LeFlore. All documented instances of staff misconduct at SATF."

(5) <u>CDCR Appeals Coordinator</u>. "Produce all grievances received from 2008 through 2015 on: (a) filed by any inmate against Walden House (supervisors or providers) on F. or G. Facility for any reason, including all responses, at every level; (b) all staff misconduct appeals received on Walden House employees; (c) all retaliation appeals on Walden House employees, include all screened-out appeals as well."

(6) <u>Warden at C.S.A.T.F</u>. "All documents and investigatory notes regarding the ordered

investigation of April 2011 on inmate Perrotte, H-89472, regarding intercepted escape letter by A.S.U. staff on April 2011 which special agent John Santos, CDCR, stated all evidence seems to point to the incident with Stacey Johnson. All documents and notes generated by I.S.U. Lt. S. Ramirez on investigation of Stacey Johnson and all Walden House employees at this time and from 2008 through 2015 on allegations of misconduct. Investigation of assault on inmate Perrotte, J. H-89472, when housed in ad-seg on 4-19-11, including, all records on assailant, inmate Stroud, P-49247, including validations, history of violence, all received CDC rules violation reports including from this incident, reason in ad-seg level and security concerns. List all CDCR staff working in ad-seg at 1717 hours on 4-19-2011, copy of all log books for 4-19-11 of ad-seg. Provide a detailed and concise report of all training provided to ASU staff on the placement of inmates in cell. Provide all training and operations policies at C.S.A.T.F. placement. Provide all incidents of inmates on Fac. F being attacked or killed by inmates being brought to F Fac. From other G.P. yards A&B from 2008-2011. All RVR's issued. All investigations conducted as a result of inmate Perrotte, H-89472 being placed in ad-seg on 4-19-11 for allegations made by 'S' against Walden House. All investigations conducted regarding staff misconduct appeals filed by inmate Perrotte, H-89472, including screened-out appeals, against Stacey Johnson, Jean LeFlore, and Cindy Hebron. All appeals filed by any inmate alleging a failed or inadequate grievance process at SATF from 2008 through 2011. All written and unwritten policies on the placement of validated and non-validated inmates in ad-seg and housing determinants. All classification notes and institution investigations into CDCR-128B informational chrono authored by Stacey Johnson on 4-13-18 where Johnson states inmates informed her that inmate Perrotte, H89472 was going to 'have Johnson hurt.' Include classification notes of 6-15-11 and 6-22-11 where committee noted the chrono was questionable and it was better for inmate Perrotte, H89472 to be kept away from Stacey Johnson so something worse wasn't alleged. All policies and rules regarding protecting Level II inmates from valided STG-1 Level IV inmates with significant in-prison violence. Criteria for STG classification. All training CSATF provided to Walden House to insure for the protection of inmate rights. All documents regarding the termination in April 2011 of Walden House employee Sue Rudd by Stacey Johnson and Jean LeFlore. How C.S.A.T.F insured Walden Houses 'Family Values' did not trump the due process to be afforded inmates. All agreements and

6

expectations conveyed to Walden House on the treatment of inmates including training material on what constitutes retaliation. List of all Walden House employees denied access into C.S.A.T.F for cause, re investigation(s)."

(7) <u>Board of Parole Hearings</u>. All communications prepared by the BPH during 2010, 2012, 2013, 2014, Parole Hearing Decision Review on Perrotte, J, H-89472 on 2010 denial and 2012, 2013, grant of parole resulting in reversal and 2015's grant of parole including BPH's memorandum to the Governor. This includes any BPH document memorandum, note, or recording, or hearing transcript mentioning or referencing a CDC-128B chrono dated 4-13-18 by Stacey Johnson and an 'escape letter' intercepted by prison staff which had been mailed to inmate Perrotte, H-89472, in April, 2011. All documents received and prepared regarding parole revocation of inmate Perrotte, J, H-89472, including: report and recommendation by Agent Bolton and Supervisor PVDMI CDCR-Form 1500, copy of field file, and copy of all interviews conducted. DAPO and BPH policies regarding overriding PVDMI and intermediate sanctions. All policies related to the retroactive application of new parole laws from AB-109, 117, '2011 Realignment Act,' regarding parole revocation for former life inmates and any analysis of ex post facto."

**Ruling:** Plaintiff's requests for subpoenas are vague, ambiguous, overbroad and irrelevant to his retaliation claim against Defendant Stacey Johnson for placement of a false CDCR Form 129-B in his central file and placement in the A.S.U. More specifically, the requests for information relating to an escape letter are irrelevant. Accordingly, Plaintiff's requests for subpoenas shall be denied, without prejudice.

IT IS SO ORDERED.

Dated: __**January 11, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE