UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. PERROTTE,<br><br>    Plaintiff,<br><br>    v.<br><br>STACEY JOHNSON, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00026-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO FILE A SURREPLY<br><br>[ECF No. 201] |

    Plaintiff Jeffrey P. Perrotte is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On October 4, 2019, Plaintiff filed a request to file a surreply. Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may

1

not be considered without giving the non-movant an opportunity to respond). Inasmuch as on October 3, 2019, the Court issued Findings and Recommendations recommending that Defendant's motion for summary judgment be denied, Plaintiff's motion to file a surreply is denied as moot.

IT IS SO ORDERED.

Dated: __**October 8, 2019**__ _____
UNITED STATES MAGISTRATE JUDGE