UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. PERROTTE,<br><br>    Plaintiff,<br><br>    v.<br><br>STACEY JOHNSON,<br><br>    Defendant. | Case No. 1:15-cv-00026-LJO-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING DEFENDANT JOHNSON'S MOTION FOR SUMMARY JUDGMENT<br><br>[ECF Nos. 180, 200] |

Plaintiff Jeffrey P. Perrotte is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 3, 2019, the Magistrate Judge issued Findings and Recommendations recommending that Defendant Johnson's motion for summary judgment be denied. (ECF No. 200.) The Findings and Recommendations were served on the parties and contained notice that objections were to be filed within thirty days. (Id.) On October 31, 2019, Plaintiff filed objections. (ECF No. 204.) On November 1, 2019, Defendant Johnson filed objections. (ECF No. 203.)

After reviewing the parties' objections, the Court finds no basis to alter the Magistrate Judge Findings and Recommendations. In Plaintiff's objections, Plaintiff again seeks to reinstate his retaliation claim based on the alleged forged escape letter which was previously dismissed for failure to exhaust the administrative remedies. Plaintiff's argument is without merit for the same reasons

1

| | |
|---|---|
| 1 | stated in the Court's November 27, 2018, order, namely Plaintiff has not demonstrated that any other |
| 2 | retaliation claims have been exhausted beyond the claim against Defendant Johnson for placement of a |
| 3 | false CDCR Form 128-B in his central file and placement in administrative housing thereafter. (ECF |
| 4 | No. 169.) |

Defendant objects to the Magistrate Judge's recommendation to deny dismissal of the action for misrepresentation of his financial resources on the application to proceed in forma pauperis in this action. However, the undersigned agrees with the reasons set forth in the October 3, 2019, Findings and Recommendations. On the form application to proceed in forma pauperis by a *prisoner*, Plaintiff indicated that he received $27.00 a month for his prison job, he occasionally received gifts from family and friends but never knew how much or when, he borrowed $2,300.00 from friends for his parole board attorney, and as of December 20, 2014, he had approximately $502.00 in his prison trust account. (ECF No. 2.) Plaintiff was clearly incarcerated at the time of filing the instant action and application to proceed in forma pauperis. Based on a review of the application, the undersigned finds that there is insufficient evidence that Plaintiff had sufficient funds to pay the filing fee for this action such that the allegations of poverty is untrue in this case. While Defendant contends that Plaintiff knowingly omitted community property money and assets, any subsequent assets (after he was released from prison on parole) does not demonstrate that Plaintiff was not able to pay the fees as of the date he filed while still in prison. Further, in forma pauperis status does not *waive* the civil action filing fee for incarcerated plaintiffs; it instead allows an incarcerated plaintiff to make payments on the filing fee until it is paid in full. See 28 U.S.C. § 1915(b)(2) (incarcerated plaintiff is obligated to make monthly payments in the amount of twenty percent of the proceeding month's income credit to plaintiff's prison trust account until the filing fee is paid in full); see also ECF No. 5. In addition, dismissing this case on such technicality would fly in the face of the general policy in favor of resolution of cases on the merits.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including the parties' objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

2

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued on October 3, 2019, are adopted in full;
2. Defendant Johnson's motion for summary judgment filed on May 28, 2019, is denied; and
3. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 6, 2019**           /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE