UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. PERROTTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STACEY JOHNSON,<br><br>　　　　　Defendant. | Case No. 1:15-cv-00026-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR PARTIAL JUDGMENT ON THE PLEADINGS BE DENIED AS UNTIMELY<br><br>[ECF No. 220] |

Plaintiff Jeffrey P. Perrotte is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is currently set for jury trial on April 27, 2021, following the denial of Defendant Johnson's motion for summary judgment filed on May 28, 2019.  (ECF Nos. 180, 200, 205, 206, 218.)

 A settlement conference is set before Magistrate Judge Barbara A. McAuliffe on December 3, 2020.  (ECF No. 217.)

Currently before the Court is Defendant's filed a motion for judgment on the pleadings or partial judgment on the pleadings, filed on July 29, 2020.  (ECF No. 220.)

**I.**

**DISCUSSION**

Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure which provides that a scheduling order "may be modified only for good cause and with the

1  judge's consent." Fed. R. Civ. P. 16(b)(4).  The district court has broad discretion in supervision of
2  the pretrial phase of litigation.  <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th
3  Cir. 2002).  Rule 16's good cause standard considers the diligence of the party seeking amendment
4  and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the
5  party seeking the amendment.  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir.
6  1992).  While prejudice to the opposing party could "supply additional reasons to deny a motion, the
7  focus of the inquiry is upon the moving party's reasons for seeking modification."  <u>Johnson</u>, 975 F.2d
8  at 609.  Therefore, if the party moving for amendment of the scheduling order has not demonstrated
9  diligence, the inquiry should end and the motion should be denied.  <u>Id.</u>  Indeed, motions filed after the
10  deadlines set in the scheduling order are untimely and may be denied solely on this ground.  <u>See</u>
11  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d at 608-09. "A scheduling order 'is not a frivolous
12  piece of paper, idly entered[.]' " <u>Id.</u> at 610 (citation omitted). "Disregard of the [scheduling] order
13  would undermine the court's ability to control its docket, disrupt the agreed-upon course of the
14  litigation, and reward the indolent and the cavalier." <u>Id.</u>

15  Defendant did not seek leave of Court to file such motion or set forth good cause why the
16  Court should although the motion to be filed at such a late date, albeit over a year after the deadline to
17  file dispositive motions expired.  (ECF No. 176.)  By way of the motion, Defendant claims that
18  "[g]ood cause exists for the granting of said motion because the remaining allegations of Plaintiff's
19  Complaint, as pared down by this Court's prior rulings which constitute the law of this case, are
20  insufficient to state a cause of action or support the damages and other relief requested by Plaintiff."
21  (Mot. at 1.)  However, the arguments presented are the same arguments that were or could have been
22  presented in the prior motion for summary judgment.  The Court finds Defendant has not been diligent
23  in seeking the requested relief.  Defendant has not met the good cause standard under Rule 16. <u>See</u>
24  <u>Doe ex rel. Doe v. State of Hawaii Dept. of Educ.</u>, 351 F.Supp.2d 998, 1007–08 (D. Hawai'i, 2004)
25  (no good cause to modify dispositive motion deadline where defendants aware of arguments in support
26  of cross-motion for summary judgment yet delay over one and a half years in seeking relief).  Plaintiff
27  would be prejudiced if placed in the position of defending a summary judgment motion while
28  preparing for trial or if the trial date were jeopardized.  Therefore, given the absence of a request to

extend the deadline, Defendant's motion for judgment on the pleadings or partial judgment on the pleadings should be denied as untimely.

## II.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion for judgment on the pleadings or partial judgment on the pleadings be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21)** days after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 17, 2020**

UNITED STATES MAGISTRATE JUDGE