UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. PERROTTE,<br><br>  Plaintiff,<br><br>  v.<br><br>STACEY JOHNSON,<br><br>  Defendant. | No. 1:15-cv-00026-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. Nos. 220, 221) |

Plaintiff Jeffrey P. Perrotte is proceeding *pro se* and *in forma pauperis* in this § 1983 action against prison officers in the California State Prison, Corcoran. (Doc. No. 1 at 2–4.) At issue before the court is defendant Stacey Johnson's motion for judgment on the pleadings, filed on July 29, 2020, after the deadline to file dispositive motions on June 10, 2019 as established by the governing scheduling order had passed. (Doc. Nos. 176 at 1; 220.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Pursuant to a scheduling order setting the deadline to file dispositive motions, the assigned magistrate judge found defendant's motion untimely since the deadline had passed by the time the motion was filed. (Doc. No. 221 at 2) (citing Doc. No. 176 at 1); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'"). The magistrate judge also considered that "the pretrial scheduling order [may] be

1

modified 'upon a showing of good cause,'" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (alteration in original) (citation omitted), and concluded that there was no good cause established to justify considering the untimely motion, (Doc. No. 221 at 2). As a result, the magistrate judge recommended that defendant's motion be denied. (*Id.* at 3.) Defendant filed objections on September 8, 2020. (Doc. No. 222.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case and finds defendant's objections unpersuasive. The undersigned will not specifically address every argument raised in defendant's objections,[1] but of particular note is the argument by counsel for defendant Johnson that "the Magistrate Judge did not consider the operative Amended Second Scheduling Order in reaching his recommendation." (Doc. No. 222 at 3.) However, the undersigned observes that the amended second scheduling order did not extend the deadline to file dispositive motions, nor does defendant Johnson's counsel argue that it does. (Doc. Nos. 218 at 1–2; 222 at 3.) Indeed, the amended second scheduling order does not even discuss the previously set deadline for the filing of dispositive motions in this case. (Doc. Nos. 218 at 1–2; *see also* Doc. No. 176 at 1.) Nevertheless, defendant seizes on this silence as, in essence, proof that the magistrate judge intended for the parties to file dispositive motions at any time, and for the dispositive motions deadline previously set forth to be implicitly vacated. (*See* Doc. No. 222 at 3.) The court is not persuaded by defendant's reading of the court's scheduling orders. Rather, the pending findings and recommendations correctly interpreted those orders. As clearly specified, the second scheduling order—as well as the amended second scheduling order—was meant to set "a *further* schedule for this litigation," and is no way meant to supersede and vacate all previous deadlines established by the magistrate judge simply by not discussing those deadlines. (Doc. No. 206 at 1 (emphasis added); *see also* Doc. No. 218.)

---

[1] For instance, counsel for defendant Johnson argues that a "Motion for JOP is specifically authorized by Federal Rules of Civil Procedure Rule 12(c)." (Doc. No. 222 at 1, 4–5.) The argument is meritless. The magistrate judge did *not* conclude that Rule 12(c) prohibited defendant Johnson from filing his motion, nor does Rule 12(c) *require* the magistrate judge to consider defendant's untimely filed motion.

Accordingly:

1. The findings and recommendations (Doc. No. 221) issued on August 18, 2020 are ADOPTED in full; and

2. Defendant's motion for judgment on the pleadings or partial judgment on the pleadings (Doc. No. 220) filed on July 29, 2020 is DENIED as untimely.

IT IS SO ORDERED.

Dated: __**January 19, 2021**__          /s/ Dale A. Drozd
                                         UNITED STATES DISTRICT JUDGE